ORIGINAL

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   Ronald J. Schutz (*Pro Hac Vice* pending), RJSchutz@rkmc.com
    Richard M. Martinez (*Pro Hac Vice* pending), RMMartinez@rkmc.com
2   Sang Young A. Brodie (*Pro Hac Vice* pending), SYBrodie@rkmc.com
    Andrea Kloehn Naef (CA Bar No. 234965), AKNaef@rkmc.com
3   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
    800 LaSalle Avenue, 2800 LaSalle Plaza
4   Minneapolis, MN 55402
    Telephone:  (612) 349-8500
5   Facsimile:  (612) 339-4181

6   David Martinez, (CA Bar No. 193183), DMartinez@rkmc.com
    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
7   2049 Century Park East, Suite 3400
    Los Angeles, CA  90067-3208
8   Telephone:  (310) 552-0130
    Facsimile:  (310) 229-5800

9   Attorneys for Plaintiff,
10  TV INTERACTIVE DATA CORPORATION

11              **UNITED STATES DISTRICT COURT**

12           **NORTHERN DISTRICT OF CALIFORNIA**

13  TV INTERACTIVE DATA CORPORATION, a          Case No.
    California Corporation,
14                                               **COMPLAINT; DEMAND FOR**
              Plaintiff,                         **JURY TRIAL**
15
    v.
16
    SONY CORPORATION; SONY COMPUTER
17  ENTERTAINMENT INC.; SONY COMPUTER
    ENTERTAINMENT AMERICA, INC.; SONY
18  CORPORATION OF AMERICA; SONY
    ELECTRONICS, INC.; SAMSUNG ELECTRONICS
19  CO., LTD.; SAMSUNG ELECTRONICS AMERICA,
    INC.; ROYAL PHILIPS ELECTRONICS N.V.;
20  PHILIPS ELECTRONICS NORTH AMERICA
    CORPORATION; TOSHIBA CORPORATION;
21  TOSHIBA AMERICA, INC.; TOSHIBA AMERICA
    CONSUMER PRODUCTS, L.L.C.; PANASONIC
22  CORPORATION; PANASONIC CORPORATION
    OF NORTH AMERICA; VICTOR COMPANY OF
23  JAPAN, LTD.; JVC AMERICAS CORP.; LG
    ELECTRONICS, INC.; LG ELECTRONICS U.S.A.,
24  INC.; ZENITH ELECTRONICS LLC; PIONEER
    CORPORATION; PIONEER ELECTRONICS (USA)
25  INC.; SHARP CORPORATION; SHARP
    ELECTRONICS CORPORATION; FUNAI
26  ELECTRIC CO., LTD.; FUNAI CORPORATION,
    INC.; D&M HOLDINGS INC.; DENON
27  ELECTRONICS (USA), LLC,

28            Defendants.

81061540.1                                      COMPLAINT; DEMAND FOR JURY TRIAL

**COMPLAINT**

Plaintiff TV Interactive Data Corporation, for its complaint against the above-named Defendants, states and alleges upon information and belief as follows:

**INTRODUCTION**

This is an action for patent infringement involving the automatic playback feature in Blu-ray and DVD players.

**PARTIES**

1.     Plaintiff TV Interactive Data Corporation ("TVI") is a California corporation located at 19863 Douglass Lane, Saratoga, CA 95070.

2.     Defendant Sony Corporation is a Japanese corporation, with its headquarters at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

3.     Defendant Sony Computer Entertainment Inc. is a Japanese corporation, with its headquarters at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062, Japan.  It is a wholly-owned subsidiary of Sony Corporation, and conducts business in this judicial district, at least through its wholly-owned subsidiary.

4.     Defendant Sony Computer Entertainment America, Inc. is a Delaware corporation, with its headquarters at 919 & 989 East Hillsdale Boulevard, Foster City, CA 94404, and doing business in this judicial district.  It is a wholly-owned subsidiary of Sony Computer Entertainment Inc. and/or of Sony Corporation.

5.     Defendant Sony Corporation of America is a New York corporation, with its headquarters at 550 Madison Avenue, New York, NY 10022.  It is a wholly-owned subsidiary of Sony Corporation, and conducts business in this judicial district, at least through its wholly-owned subsidiary.

6.     Defendant Sony Electronics, Inc. is a Delaware corporation, with its headquarters at 16530 Via Esprillo, San Diego, CA 92127, but doing business in this judicial district.  It is a wholly-owned subsidiary of Sony Corporation of America and/or of Sony Corporation.

/ / /

81061540.1

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

7.    Sony Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiaries to at least sell the accused products in the United States, including in this judicial district.  The term "Sony," as it is used in this complaint, shall refer collectively to Defendants Sony Corporation, Sony Computer Entertainment Inc., Sony Computer Entertainment America, Inc., Sony Corporation of America, and Sony Electronics, Inc.

8.    Defendant Samsung Electronics Co., Ltd. is a Korean corporation, with its headquarters at Samsung Electronics Bldg., 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea, and doing business in this judicial district, at least through its wholly-owned subsidiary.

9.    Defendant Samsung Electronics America, Inc. is a New York corporation, with its headquarters at 105 Challenger Road, Ridgefield Park, NJ 07660, and doing business in this judicial district.  It is a wholly-owned subsidiary of Samsung Electronics Co., Ltd.

10.    Samsung Electronics Co., Ltd. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary.  The term "Samsung," as it is used in this complaint, shall refer collectively to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

11.    Defendant Royal Philips Electronics N.V. is a Dutch corporation, with its headquarters at Amstelplein 2, Breitner Center, P.O. Box 77900, 1070 MX Amsterdam, The Netherlands, and doing business in this judicial district, at least through its wholly-owned subsidiary.

12.    Defendant Philips Electronics North America Corporation is a Delaware corporation, with its headquarters at 3000 Minuteman Road, M/S 109, Andover, MA 01810, but doing business in this judicial district.  It is a wholly-owned subsidiary of Royal Philips Electronics N.V.

13.    Royal Philips Electronics N.V. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary.  The term "Philips," as it is used in this complaint, shall refer collectively to Defendants Royal Philips Electronics N.V. and Philips Electronics North America Corporation.

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

14.     Defendant Toshiba Corporation is a Japanese corporation, with its headquarters at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

15.     Defendant Toshiba America, Inc. is a Delaware corporation, with its headquarters at 1251 Avenue of the Americas, Suite 4110, New York, NY 10020, but doing business in this judicial district. It is a holding company for Toshiba Corporation and is wholly-owned by Toshiba Corporation.

16.     Defendant Toshiba America Consumer Products, L.L.C. is a New Jersey limited liability company, with its headquarters at 82 Totowa Road, Wayne, NJ 07470, but doing business in this judicial district. It is an operating company of Toshiba America, Inc. and is wholly-owned by Toshiba America, Inc.

17.     Toshiba Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiaries. The term "Toshiba," as it is used in this complaint, shall refer collectively to Defendants Toshiba Corporation, Toshiba America, Inc., and Toshiba America Consumer Products, L.L.C.

18.     Panasonic Corporation is a Japanese corporation, with its headquarters at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

19.     Panasonic Corporation of North America is a Delaware corporation, with its headquarters at One Panasonic Way, Secaucus, NJ 07094, but doing business in this judicial district. It is a wholly-owned subsidiary of Panasonic Corporation.

20.     Panasonic Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary. The term "Panasonic," as it is used in this complaint, shall refer collectively to Defendants Panasonic Corporation and Panasonic Corporation of North America.

21.     Defendant Victor Company of Japan, Ltd. is a Japanese corporation, with its headquarters at 12, Moriya-cho 3-chome, Kanagawa-ku, Yokohama, 221-8528, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

22.     Defendant JVC Americas Corp. is a Delaware corporation, with its headquarters at 1700 Valley Road, Wayne, NJ 07470, but doing business in this judicial district.  It is a wholly-owned subsidiary of Victor Company of Japan, Ltd.

23.     Victor Company of Japan, Ltd. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary.  The term "JVC," as it is used in this complaint, shall refer collectively to Defendants Victor Company of Japan, Ltd. and JVC Americas Corp.

24.     Defendant LG Electronics, Inc. is a Korean corporation, with its headquarters at LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

25.     Defendant LG Electronics U.S.A., Inc. is a Delaware corporation, with its headquarters at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632, but doing business in this judicial district.  It is a wholly-owned subsidiary of LG Electronics, Inc.

26.     Defendant Zenith Electronics LLC is a Delaware limited liability company, with its headquarters at 2000 Millbrook Drive, Lincolnshire, IL 60069, but doing business in this judicial district.  It is a wholly-owned subsidiary of LG Electronics, Inc., but the accused Zenith products are at least sold and serviced by LG Electronics U.S.A., Inc.

27.     LG Electronics, Inc. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiaries.  The term "LG," as it is used in this complaint, shall refer collectively to Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC.

28.     Defendant Pioneer Corporation is a Japanese corporation, with its headquarters at 1-4-1 Meguro, Meguro-ku, Tokyo 153-8654, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

29.     Defendant Pioneer Electronics (USA) Inc. is a Delaware corporation, with its headquarters at 2265 East 220th Street, Long Beach, CA 90810, but doing business in this judicial district.  It is a wholly-owned subsidiary of Pioneer Corporation.

30.     Pioneer Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary to at least sell the accused products in the United States,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    including in this judicial district. The term "Pioneer," as it is used in this complaint, shall refer

2    collectively to Defendants Pioneer Corporation and Pioneer Electronics (USA) Inc.

3         31.    Defendant Sharp Corporation is a Japanese corporation, with its headquarters at

4    22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan, and doing business in this judicial

5    district, at least through its wholly-owned subsidiary.

6         32.    Defendant Sharp Electronics Corporation is a New York corporation, with its

7    headquarters at Sharp Plaza, Mahwah, NJ 07495-1163, but doing business in this judicial district.

8    It is a wholly-owned U.S. sales and marketing subsidiary of Sharp Corporation.

9         33.    Sharp Corporation effectively directs and/or controls the infringing conduct of the

10   above wholly-owned subsidiary to at least sell the accused products in the United States,

11   including in this judicial district. The term "Sharp," as it is used in this complaint, shall refer

12   collectively to Defendants Sharp Corporation and Sharp Electronics Corporation.

13        34.    Defendant Funai Electric Co., Ltd. is a Japanese corporation, with its headquarters

14   at 7-7-1 Nakagaito, Daito City, Osaka 574-0013, Japan, and doing business in this judicial

15   district, at least through its wholly-owned subsidiary.

16        35.    Defendant Funai Corporation, Inc. is a New Jersey corporation, with its

17   headquarters at 201 Route 17 North, Suite 903, Rutherford, NJ 07070, but doing business in this

18   judicial district. It is a wholly-owned North American sales and marketing subsidiary of Funai

19   Electric Co., Ltd. for consumer electronic products.

20        36.    Funai Electric Co., Ltd. effectively directs and/or controls the infringing conduct

21   of the above wholly-owned subsidiary to at least sell the accused products in the United States,

22   including in this judicial district. The term "Funai," as it is used in this complaint, shall refer

23   collectively to Defendants Funai Electric Co., Ltd. and Funai Corporation, Inc.

24        37.    Defendant D&M Holdings Inc. is a Japanese corporation, with its headquarters at

25   D&M Building, 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan, and

26   doing business in this judicial district, at least through its wholly-owned subsidiary.

27        38.    Defendant Denon Electronics (USA), LLC is a New Jersey limited liability

28   company, with its headquarters at 100 Corporate Drive, Mahwah, NJ 07430-2041, but doing

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   business in this judicial district.  It is a wholly-owned subsidiary of D&M Holdings Inc.  D&M

2   Holdings Inc. claims to own the Denon brand.

3       39.    D&M Holdings Inc. effectively directs and/or controls the infringing conduct of

4   the above wholly-owned subsidiary to at least sell the accused products in the United States,

5   including in this judicial district.  The term "Denon," as it is used in this complaint, shall refer

6   collectively to Defendants D&M Holdings Inc. and Denon Electronics (USA), LLC.

7   **JURISDICTION**

8       40.    This Court has jurisdiction over Plaintiff's patent infringement claims under 28

9   U.S.C. § 1338(a), because these claims arise under Acts of Congress relating to patents including,

10  but not limited to, 35 U.S.C. §§ 271(a)-(c), 281, and 283-285.

11      41.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

12  **FACTUAL BACKGROUND**

13      42.    On January 28, 1997, the United States Patent and Trademark Office ("USPTO")

14  issued United States Patent No. 5,597,307 ("the '307 patent"), entitled Method For Starting Up A

15  Process Automatically On Insertion Of A Storage Media Into A Host Device, to TVI, as assignee

16  of inventors Peter M. Redford and Donald S. Stern.

17      43.    On November 17, 2005, the USPTO commenced an ex parte reexamination

18  proceeding for the '307 patent.

19      44.    On January 20, 2009, the USPTO issued an Ex Parte Reexamination Certificate for

20  the '307 patent.  A copy of the '307 patent and the Ex Parte Reexamination Certificate is attached

21  hereto as Exhibit A.

22      45.    TVI is the owner of the '307 patent.

23      46.    On August 18, 1998, the USPTO issued United States Patent No. 5,795,156 ("the

24  '156 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To

25  Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and

26  Donald S. Stern.

27      47.    On November 15, 2005, the USPTO commenced an ex parte reexamination

28  proceeding for the '156 patent.

48. On April 8, 2008, the USPTO issued an Ex Parte Reexamination Certificate for the '156 patent. A copy of the '156 patent and the Ex Parte Reexamination Certificate is attached hereto as Exhibit B.

49. TVI is the owner of the '156 patent.

50. On June 19, 2001, the USPTO issued United States Patent No. 6,249,863 ("the '863 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and Donald S. Stern.

51. On November 4, 2005, the USPTO commenced an ex parte reexamination proceeding for the '863 patent.

52. On January 1, 2008, the USPTO issued an Ex Parte Reexamination Certificate for the '863 patent. A copy of the '863 patent and the Ex Parte Reexamination Certificate is attached hereto as Exhibit C.

53. TVI is the owner of the '863 patent.

54. On July 9, 2002, the USPTO issued United States Patent No. 6,418,532 ("the '532 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and Donald S. Stern.

55. On November 21, 2005, the USPTO commenced an inter partes reexamination proceeding for the '532 patent.

56. On September 30, 2008, the USPTO issued an Inter Partes Reexamination Certificate for the '532 patent. A copy of the '532 patent and the Inter Partes Reexamination Certificate is attached hereto as Exhibit D.

57. TVI is the owner of the '532 patent.

58. TVI exercises its rights under the '307, '156, '863, and '532 patents (collectively the "patents-in-suit") by granting license rights. Microsoft Corporation is a company that has taken a license to the patents-in-suit.

///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

59.   Defendant Sony manufactures and distributes Blu-ray and/or DVD player devices.

60.   Defendants Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. make, use, sell, offer to sell, supply, and/or cause to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Sony BDP-S550 and the Sony DVPNS700H/B, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

61.   Defendants Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer Entertainment America, Inc. make, use, sell, offer to sell, supply, and/or cause to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Sony PS3, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

62.   The products and devices referred to in paragraphs 60 and 61 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

63.   Sony's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Sony is enjoined from infringing the patents.

64.   Defendant Samsung manufactures and distributes Blu-ray and/or DVD player devices.

65.   Samsung makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Samsung DVD1080P8 and the Samsung BD-P2500, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

1  storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

2  an application without rebooting.

3       66.    The products and devices referred to in paragraph 65 infringe directly and/or

4  indirectly one or more claims of the '307, '156, '863, and '532 patents.

5       67.    Samsung's infringement of the '307, '156, '863, and '532 patents has injured TVI

6  and will cause irreparable injury in the future unless Samsung is enjoined from infringing the

7  patents.

8       68.    Defendant Philips manufactures and distributes Blu-ray and/or DVD player

9  devices.

10       69.    Philips makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to

11  end users Blu-ray player and/or DVD player devices containing the automatic playback

12  technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products

13  or devices include the Philips BDP7200, the Philips DVP5990, the Magnavox MDV453, the

14  Magnavox NB500MS9, and all other Blu-ray players and DVD players capable of, after initial

15  boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc,

16  and automatically starting a process or executing an application without rebooting.

17       70.    The products and devices referred to in paragraph 69 infringe directly and/or

18  indirectly one or more claims of the '307, '156, '863, and '532 patents.

19       71.    Philips's infringement of the '307, '156, '863, and '532 patents has injured TVI

20  and will cause irreparable injury in the future unless Philips is enjoined from infringing the

21  patents.

22       72.    Defendant Toshiba manufactures and distributes Blu-ray and/or DVD player

23  devices.

24       73.    Toshiba makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to

25  end users Blu-ray player and/or DVD player devices containing the automatic playback

26  technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products

27  or devices include the Toshiba XD-E500 and the Toshiba SD-6100, and all other Blu-ray players

28  and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

74.    The products and devices referred to in paragraph 73 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

75.    Toshiba's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Toshiba is enjoined from infringing the patents.

76.    Defendant Panasonic manufactures and distributes Blu-ray and/or DVD player devices.

77.    Panasonic makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products or devices include the Panasonic DMP-BD35 and the Panasonic DVD-S54, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

78.    The products and devices referred to in paragraph 77 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

79.    Panasonic's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Panasonic is enjoined from infringing the patents.

80.    Defendant JVC manufactures and distributes Blu-ray and/or DVD player devices.

81.    JVC makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products or devices include the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1 such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

2 without rebooting.

3       82.     The products and devices referred to in paragraph 81 infringe directly and/or

4 indirectly one or more claims of the '307, '156, '863, and '532 patents.

5       83.     JVC's infringement of the '307, '156, '863, and '532 patents has injured TVI and

6 will cause irreparable injury in the future unless JVC is enjoined from infringing the patents.

7       84.     Defendant LG manufactures and distributes Blu-ray and/or DVD player devices.

8       85.     Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. make, use, sell,

9 offer to sell, supply, and/or cause to be supplied to end users Blu-ray player and/or DVD player

10 devices containing the automatic playback technology disclosed and claimed in the '307, '156,

11 '863, and '532 patents. The accused products or devices include the LG BD300 and the LG

12 DN898, and all other Blu-ray players and DVD players capable of, after initial boot-up,

13 automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

14 automatically starting a process or executing an application without rebooting.

15       86.     Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith

16 Electronics LLC make, use, sell, offer to sell, supply, and/or cause to be supplied to end users

17 Blu-ray player and/or DVD player devices containing the automatic playback technology

18 disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices

19 include the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after

20 initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD

21 disc, and automatically starting a process or executing an application without rebooting.

22       87.     The products and devices referred to in paragraphs 85 and 86 infringe directly

23 and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

24       88.     LG's infringement of the '307, '156, '863, and '532 patents has injured TVI and

25 will cause irreparable injury in the future unless LG is enjoined from infringing the patents.

26       89.     Defendant Pioneer manufactures and distributes Blu-ray and/or DVD player

27 devices.

28 ///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

90.     Pioneer makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products or devices include the Pioneer BDP-51FD and the Pioneer DV-410V-K, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

91.     The products and devices referred to in paragraph 90 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

92.     Pioneer's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Pioneer is enjoined from infringing the patents.

93.     Defendant Sharp manufactures and distributes Blu-ray and/or DVD player devices.

94.     Sharp makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products or devices include the Sharp BD-HP50U and the Sharp BD-HP22U, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

95.     The products and devices referred to in paragraph 94 infringe directly and/or indirectly one or more claims of the '307, '156, '863, and '532 patents.

96.     Sharp's infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Sharp is enjoined from infringing the patents.

97.     Defendant Funai manufactures and distributes Blu-ray and/or DVD player devices.

98.     Funai makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to end users Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products

1   or devices include the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson

2   LD195EM8, and all other Blu-ray players and DVD players capable of, after initial boot-up,

3   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

4   automatically starting a process or executing an application without rebooting.

5       99.    The products and devices referred to in paragraph 98 infringe directly and/or

6   indirectly one or more claims of the '307, '156, '863, and '532 patents.

7       100.    Funai's infringement of the '307, '156, '863, and '532 patents has injured TVI and

8   will cause irreparable injury in the future unless Funai is enjoined from infringing the patents.

9       101.    Defendant Denon manufactures and distributes Blu-ray and/or DVD player

10  devices.

11      102.    Denon makes, uses, sells, offers to sell, supplies, and/or causes to be supplied to

12  end users Blu-ray player and/or DVD player devices containing the automatic playback

13  technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The accused products

14  or devices include the Denon DVD-2500BTCI and the Denon DVD-1940CI, and all other Blu-

15  ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of

16  a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or

17  executing an application without rebooting.

18      103.    The products and devices referred to in paragraph 102 infringe directly and/or

19  indirectly one or more claims of the '307, '156, '863, and '532 patents.

20      104.    Denon's infringement of the '307, '156, '863, and '532 patents has injured TVI

21  and will cause irreparable injury in the future unless Denon is enjoined from infringing the

22  patents.

23

24  **COUNT I - PATENT INFRINGEMENT OF THE '307 PATENT BY SONY**

25      105.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

26  paragraphs of this complaint and incorporates them herein.

27      106.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have

28  infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be

2   supplied, using, and/or causing to be used devices and/or systems and methods that embody or

3   practice the inventions claimed in the '307 patent.  The Sony products that embody the inventions

4   claimed in the '307 patent include, but are not limited to, the Sony BDP-S550 and the Sony

5   DVPNS700H/B and all other Blu-ray players and DVD players capable of, after initial boot-up,

6   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

7   automatically starting a process or executing an application without rebooting.

8       107.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer

9   Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily,

10  and/or by active inducement—one or more claims of the '307 patent, by making, importing,

11  offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or

12  systems and methods that embody or practice the inventions claimed in the '307 patent.  The

13  Sony products that embody the inventions claimed in the '307 patent include, but are not limited

14  to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up,

15  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

16  automatically starting a process or executing an application without rebooting.

17      108.    The infringement by Sony of the '307 patent has injured and continues to injure

18  TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

19      109.    TVI has complied with the statutory requirement of giving notice of the '307

20  patent to Sony at least by filing this lawsuit and providing Sony with a copy of this complaint.

21

22  **COUNT II — PATENT INFRINGEMENT OF THE '156 PATENT BY SONY**

23      110.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

24  paragraphs of this complaint and incorporates them herein.

25      111.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have

26  infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

27  more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be

28  supplied, using, and/or causing to be used devices and/or systems and methods that embody or

1  practice the inventions claimed in the '156 patent. The Sony products that embody the inventions

2  claimed in the '156 patent include, but are not limited to, the Sony BDP-S550 and the Sony

3  DVPNS700H/B and all other Blu-ray players and DVD players capable of, after initial boot-up,

4  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

5  automatically starting a process or executing an application without rebooting.

6      112.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer

7  Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily,

8  and/or by active inducement—one or more claims of the '156 patent, by making, importing,

9  offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or

10 systems and methods that embody or practice the inventions claimed in the '156 patent. The

11 Sony products that embody the inventions claimed in the '156 patent include, but are not limited

12 to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up,

13 automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

14 automatically starting a process or executing an application without rebooting.

15     113.    The infringement by Sony of the '156 patent has injured and continues to injure

16 TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

17     114.    TVI has complied with the statutory requirement of giving notice of the '156

18 patent to Sony at least by filing this lawsuit and providing Sony with a copy of this complaint.

19

20 **COUNT III — PATENT INFRINGEMENT OF THE '863 PATENT BY SONY**

21     115.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

22 paragraphs of this complaint and incorporates them herein.

23     116.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have

24 infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

25 more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be

26 supplied, using, and/or causing to be used devices and/or systems and methods that embody or

27 practice the inventions claimed in the '863 patent. The Sony products that embody the inventions

28 claimed in the '863 patent include, but are not limited to, the Sony BDP-S550 and the Sony

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    DVPNS700H/B and all other Blu-ray players and DVD players capable of, after initial boot-up,

2    automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

3    automatically starting a process or executing an application without rebooting.

4        117.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer

5    Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily,

6    and/or by active inducement—one or more claims of the '863 patent, by making, importing,

7    offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or

8    systems and methods that embody or practice the inventions claimed in the '863 patent. The

9    Sony products that embody the inventions claimed in the '863 patent include, but are not limited

10   to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up,

11   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

12   automatically starting a process or executing an application without rebooting.

13       118.    The infringement by Sony of the '863 patent has injured and continues to injure

14   TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

15       119.    TVI has complied with the statutory requirement of giving notice of the '863

16   patent to Sony at least by filing this lawsuit and providing Sony with a copy of this complaint.

17

18   **COUNT IV — PATENT INFRINGEMENT OF THE '532 PATENT BY SONY**

19       120.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

20   paragraphs of this complaint and incorporates them herein.

21       121.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have

22   infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

23   more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be

24   supplied, using, and/or causing to be used devices and/or systems and methods that embody or

25   practice the inventions claimed in the '532 patent. The Sony products that embody the inventions

26   claimed in the '532 patent include, but are not limited to, the Sony BDP-S550 and the Sony

27   DVPNS700H/B and all other Blu-ray players and DVD players capable of, after initial boot-up,

28   / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

2    automatically starting a process or executing an application without rebooting.

3        122.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer

4    Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily,

5    and/or by active inducement—one or more claims of the '532 patent, by making, importing,

6    offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or

7    systems and methods that embody or practice the inventions claimed in the '532 patent.  The

8    Sony products that embody the inventions claimed in the '532 patent include, but are not limited

9    to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up,

10    automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

11    automatically starting a process or executing an application without rebooting.

12        123.    The infringement by Sony of the '532 patent has injured and continues to injure

13    TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

14        124.    TVI has complied with the statutory requirement of giving notice of the '532

15    patent to Sony at least by filing this lawsuit and providing Sony with a copy of this complaint.

16

17    **COUNT V — PATENT INFRINGEMENT OF THE '307 PATENT BY SAMSUNG**

18        125.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

19    paragraphs of this complaint and incorporates them herein.

20        126.    Samsung has infringed and continues to infringe—directly, contributorily, and/or

21    by active inducement—one or more claims of the '307 patent, by making, importing, offering to

22    sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

23    methods that embody or practice the inventions claimed in the '307 patent.  The Samsung

24    products that embody the inventions claimed in the '307 patent include, but are not limited to, the

25    Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD

26    players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

27    such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

28    without rebooting.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

127.    The infringement by Samsung of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the patent.

128.    TVI has complied with the statutory requirement of giving notice of the '307 patent to Samsung at least by filing this lawsuit and providing Samsung with a copy of this complaint.

## COUNT VI — PATENT INFRINGEMENT OF THE '156 PATENT BY SAMSUNG

129.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

130.    Samsung has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The Samsung products that embody the inventions claimed in the '156 patent include, but are not limited to, the Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

131.    The infringement by Samsung of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the patent.

132.    TVI has complied with the statutory requirement of giving notice of the '156 patent to Samsung at least by filing this lawsuit and providing Samsung with a copy of this complaint.

/ / /

/ / /

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**COUNT VII — PATENT INFRINGEMENT OF THE '863 PATENT BY SAMSUNG**

133.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

134.    Samsung has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Samsung products that embody the inventions claimed in the '863 patent include, but are not limited to, the Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

135.    The infringement by Samsung of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the patent.

136.    TVI has complied with the statutory requirement of giving notice of the '863 patent to Samsung at least by filing this lawsuit and providing Samsung with a copy of this complaint.

**COUNT VIII — PATENT INFRINGEMENT OF THE '532 PATENT BY SAMSUNG**

137.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

138.    Samsung has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Samsung products that embody the inventions claimed in the '532 patent include, but are not limited to, the Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD

81061540.1                                    - 20 -          COMPLAINT; DEMAND FOR JURY TRIAL

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

2  such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

3  without rebooting.

4      139.   The infringement by Samsung of the '532 patent has injured and continues to

5  injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the

6  patent.

7      140.   TVI has complied with the statutory requirement of giving notice of the '532

8  patent to Samsung at least by filing this lawsuit and providing Samsung with a copy of this

9  complaint.

10

11  **COUNT IX — PATENT INFRINGEMENT OF THE '307 PATENT BY PHILIPS**

12      141.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

13  paragraphs of this complaint and incorporates them herein.

14      142.   Philips has infringed and continues to infringe—directly, contributorily, and/or by

15  active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

16  selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

17  methods that embody or practice the inventions claimed in the '307 patent.  The Philips products

18  that embody the inventions claimed in the '307 patent include, but are not limited to, the Philips

19  BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all

20  other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

21  insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

22  process or executing an application without rebooting.

23      143.   The infringement by Philips of the '307 patent has injured and continues to injure

24  TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

25      144.   TVI has complied with the statutory requirement of giving notice of the '307

26  patent to Philips at least by filing this lawsuit and providing Philips with a copy of this complaint.

27  / / /

28  / / /

81061540.1                - 21 -    COMPLAINT; DEMAND FOR JURY TRIAL

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**COUNT X — PATENT INFRINGEMENT OF THE '156 PATENT BY PHILIPS**

145.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

146.    Philips has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The Philips products that embody the inventions claimed in the '156 patent include, but are not limited to, the Philips BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

147.    The infringement by Philips of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

148.    TVI has complied with the statutory requirement of giving notice of the '156 patent to Philips at least by filing this lawsuit and providing Philips with a copy of this complaint.

**COUNT XI— PATENT INFRINGEMENT OF THE '863 PATENT BY PHILIPS**

149.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

150.    Philips has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Philips products that embody the inventions claimed in the '863 patent include, but are not limited to, the Philips BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

/ / /

insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

process or executing an application without rebooting.

151. The infringement by Philips of the '863 patent has injured and continues to injure

TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

152. TVI has complied with the statutory requirement of giving notice of the '863

patent to Philips at least by filing this lawsuit and providing Philips with a copy of this complaint.

**COUNT XII — PATENT INFRINGEMENT OF THE '532 PATENT BY PHILIPS**

153. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

paragraphs of this complaint and incorporates them herein.

154. Philips has infringed and continues to infringe—directly, contributorily, and/or by

active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

methods that embody or practice the inventions claimed in the '532 patent. The Philips products

that embody the inventions claimed in the '532 patent include, but are not limited to, the Philips

BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all

other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

process or executing an application without rebooting.

155. The infringement by Philips of the '532 patent has injured and continues to injure

TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

156. TVI has complied with the statutory requirement of giving notice of the '532

patent to Philips at least by filing this lawsuit and providing Philips with a copy of this complaint.

**COUNT XIII — PATENT INFRINGEMENT OF THE '307 PATENT BY TOSHIBA**

157. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

paragraphs of this complaint and incorporates them herein.

///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    158.  Toshiba has infringed and continues to infringe—directly, contributorily, and/or by

2    active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

3    selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

4    methods that embody or practice the inventions claimed in the '307 patent.  The Toshiba products

5    that embody the inventions claimed in the '307 patent include, but are not limited to, the Toshiba

6    XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of,

7    after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

8    DVD disc, and automatically starting a process or executing an application without rebooting.

9    159.  The infringement by Toshiba of the '307 patent has injured and continues to injure

10   TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

11   160.  TVI has complied with the statutory requirement of giving notice of the '307

12   patent to Toshiba at least by filing this lawsuit and providing Toshiba with a copy of this

13   complaint.

14

15   **COUNT XIV — PATENT INFRINGEMENT OF THE '156 PATENT BY TOSHIBA**

16   161.  Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

17   paragraphs of this complaint and incorporates them herein.

18   162.  Toshiba has infringed and continues to infringe—directly, contributorily, and/or by

19   active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

20   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

21   methods that embody or practice the inventions claimed in the '156 patent.  The Toshiba products

22   that embody the inventions claimed in the '156 patent include, but are not limited to, the Toshiba

23   XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of,

24   after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

25   DVD disc, and automatically starting a process or executing an application without rebooting.

26   163.  The infringement by Toshiba of the '156 patent has injured and continues to injure

27   TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

28   / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

164.   TVI has complied with the statutory requirement of giving notice of the '156 patent to Toshiba at least by filing this lawsuit and providing Toshiba with a copy of this complaint.

**COUNT XV — PATENT INFRINGEMENT OF THE '863 PATENT BY TOSHIBA**

165.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

166.   Toshiba has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Toshiba products that embody the inventions claimed in the '863 patent include, but are not limited to, the Toshiba XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

167.   The infringement by Toshiba of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

168.   TVI has complied with the statutory requirement of giving notice of the '863 patent to Toshiba at least by filing this lawsuit and providing Toshiba with a copy of this complaint.

**COUNT XVI — PATENT INFRINGEMENT OF THE '532 PATENT BY TOSHIBA**

169.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

170.   Toshiba has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Toshiba products

1  that embody the inventions claimed in the '532 patent include, but are not limited to, the Toshiba

2  XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of,

3  after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

4  DVD disc, and automatically starting a process or executing an application without rebooting.

5      171.    The infringement by Toshiba of the '532 patent has injured and continues to injure

6  TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

7      172.    TVI has complied with the statutory requirement of giving notice of the '532

8  patent to Toshiba at least by filing this lawsuit and providing Toshiba with a copy of this

9  complaint.

10

11  **COUNT XVII — PATENT INFRINGEMENT OF THE '307 PATENT BY PANASONIC**

12      173.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

13  paragraphs of this complaint and incorporates them herein.

14      174.    Panasonic has infringed and continues to infringe—directly, contributorily, and/or

15  by active inducement—one or more claims of the '307 patent, by making, importing, offering to

16  sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

17  methods that embody or practice the inventions claimed in the '307 patent.  The Panasonic

18  products that embody the inventions claimed in the '307 patent include, but are not limited to, the

19  Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD

20  players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

21  such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

22  without rebooting.

23      175.    The infringement by Panasonic of the '307 patent has injured and continues to

24  injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the

25  patent.

26      176.    TVI has complied with the statutory requirement of giving notice of the '307

27  patent to Panasonic at least by filing this lawsuit and providing Panasonic with a copy of this

28  complaint.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**COUNT XVIII — PATENT INFRINGEMENT OF THE '156 PATENT BY PANASONIC**

177.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

178.   Panasonic has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The Panasonic products that embody the inventions claimed in the '156 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

179.   The infringement by Panasonic of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the patent.

180.   TVI has complied with the statutory requirement of giving notice of the '156 patent to Panasonic at least by filing this lawsuit and providing Panasonic with a copy of this complaint.

**COUNT XIX — PATENT INFRINGEMENT OF THE '863 PATENT BY PANASONIC**

181.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

182.   Panasonic has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Panasonic products that embody the inventions claimed in the '863 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD

players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

183.   The infringement by Panasonic of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the patent.

184.   TVI has complied with the statutory requirement of giving notice of the '863 patent to Panasonic at least by filing this lawsuit and providing Panasonic with a copy of this complaint.

## COUNT XX — PATENT INFRINGEMENT OF THE '532 PATENT BY PANASONIC

185.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

186.   Panasonic has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Panasonic products that embody the inventions claimed in the '532 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

187.   The infringement by Panasonic of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the patent.

188.   TVI has complied with the statutory requirement of giving notice of the '532 patent to Panasonic at least by filing this lawsuit and providing Panasonic with a copy of this complaint.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## COUNT XXI — PATENT INFRINGEMENT OF THE '307 PATENT BY JVC

189.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

190.    JVC has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The JVC products that embody the inventions claimed in the '307 patent include, but are not limited to, the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

191.    The infringement by JVC of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

192.    TVI has complied with the statutory requirement of giving notice of the '307 patent to JVC at least by filing this lawsuit and providing JVC with a copy of this complaint.

## COUNT XXII — PATENT INFRINGEMENT OF THE '156 PATENT BY JVC

193.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

194.    JVC has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The JVC products that embody the inventions claimed in the '156 patent include, but are not limited to, the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

/ / /

1 195. The infringement by JVC of the '156 patent has injured and continues to injure

2 TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

3 196. TVI has complied with the statutory requirement of giving notice of the '156

4 patent to JVC at least by filing this lawsuit and providing JVC with a copy of this complaint.

5

6 **COUNT XXIII — PATENT INFRINGEMENT OF THE '863 PATENT BY JVC**

7 197. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

8 paragraphs of this complaint and incorporates them herein.

9 198. JVC has infringed and continues to infringe—directly, contributorily, and/or by

10 active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

11 selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

12 methods that embody or practice the inventions claimed in the '863 patent.  The JVC products

13 that embody the inventions claimed in the '863 patent include, but are not limited to, the JVC

14 DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of,

15 after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

16 DVD disc, and automatically starting a process or executing an application without rebooting.

17 199. The infringement by JVC of the '863 patent has injured and continues to injure

18 TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

19 200. TVI has complied with the statutory requirement of giving notice of the '863

20 patent to JVC at least by filing this lawsuit and providing JVC with a copy of this complaint.

21

22 **COUNT XXIV — PATENT INFRINGEMENT OF THE '532 PATENT BY JVC**

23 201. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

24 paragraphs of this complaint and incorporates them herein.

25 202. JVC has infringed and continues to infringe—directly, contributorily, and/or by

26 active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

27 selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

28 methods that embody or practice the inventions claimed in the '532 patent.  The JVC products

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   that embody the inventions claimed in the '532 patent include, but are not limited to, the JVC

2   DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of,

3   after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or

4   DVD disc, and automatically starting a process or executing an application without rebooting.

5        203.   The infringement by JVC of the '532 patent has injured and continues to injure

6   TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

7        204.   TVI has complied with the statutory requirement of giving notice of the '532

8   patent to JVC at least by filing this lawsuit and providing JVC with a copy of this complaint.

9

10   **COUNT XXV — PATENT INFRINGEMENT OF THE '307 PATENT BY LG**

11        205.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

12   paragraphs of this complaint and incorporates them herein.

13        206.   LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue

14   to infringe—directly, contributorily, and/or by active inducement—one or more claims of the

15   '307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or

16   causing to be used devices and/or systems and methods that embody or practice the inventions

17   claimed in the '307 patent.  The LG products that embody the inventions claimed in the '307

18   patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray

19   players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

20   storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

21   an application without rebooting.

22        207.   LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC

23   have infringed and continue to infringe—directly, contributorily, and/or by active inducement—

24   one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to

25   be supplied, using, and/or causing to be used devices and/or systems and methods that embody or

26   practice the inventions claimed in the '307 patent.  The Zenith products that embody the

27   inventions claimed in the '307 patent include, but are not limited to, the Zenith DVB612 and all

28   other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

1 insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

2 process or executing an application without rebooting.

3      208. The infringement by LG of the '307 patent has injured and continues to injure

4 TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

5      209. TVI has complied with the statutory requirement of giving notice of the '307

6 patent to LG at least by filing this lawsuit and providing LG with a copy of this complaint.

7

8 **COUNT XXVI — PATENT INFRINGEMENT OF THE '156 PATENT BY LG**

9      210. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

10 paragraphs of this complaint and incorporates them herein.

11      211. LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue

12 to infringe—directly, contributorily, and/or by active inducement—one or more claims of the

13 '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or

14 causing to be used devices and/or systems and methods that embody or practice the inventions

15 claimed in the '156 patent. The LG products that embody the inventions claimed in the '156

16 patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray

17 players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

18 storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

19 an application without rebooting.

20      212. LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC

21 have infringed and continue to infringe—directly, contributorily, and/or by active inducement—

22 one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to

23 be supplied, using, and/or causing to be used devices and/or systems and methods that embody or

24 practice the inventions claimed in the '156 patent. The Zenith products that embody the

25 inventions claimed in the '156 patent include, but are not limited to, the Zenith DVB612 and all

26 other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

27 insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

28 process or executing an application without rebooting.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

213.    The infringement by LG of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

214.    TVI has complied with the statutory requirement of giving notice of the '156 patent to LG at least by filing this lawsuit and providing LG with a copy of this complaint.

**COUNT XXVII — PATENT INFRINGEMENT OF THE '863 PATENT BY LG**

215.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

216.    LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The LG products that embody the inventions claimed in the '863 patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

217.    LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Zenith products that embody the inventions claimed in the '863 patent include, but are not limited to, the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

218.    The infringement by LG of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

219.   TVI has complied with the statutory requirement of giving notice of the '863 patent to LG at least by filing this lawsuit and providing LG with a copy of this complaint.

**COUNT XXVIII — PATENT INFRINGEMENT OF THE '532 PATENT BY LG**

220.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

221.   LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The LG products that embody the inventions claimed in the '532 patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

222.   LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The Zenith products that embody the inventions claimed in the '532 patent include, but are not limited to, the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

223.   The infringement by LG of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

224.   TVI has complied with the statutory requirement of giving notice of the '532 patent to LG at least by filing this lawsuit and providing LG with a copy of this complaint.

**COUNT XXIX — PATENT INFRINGEMENT OF THE '307 PATENT BY PIONEER**

225.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

226.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent. The Pioneer products that embody the inventions claimed in the '307 patent include, but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

227.    The infringement by Pioneer of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

228.    TVI has complied with the statutory requirement of giving notice of the '307 patent to Pioneer at least by filing this lawsuit and providing Pioneer with a copy of this complaint.

**COUNT XXX — PATENT INFRINGEMENT OF THE '156 PATENT BY PIONEER**

229.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

230.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent. The Pioneer products that embody the inventions claimed in the '156 patent include, but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

231.   The infringement by Pioneer of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

232.   TVI has complied with the statutory requirement of giving notice of the '156 patent to Pioneer at least by filing this lawsuit and providing Pioneer with a copy of this complaint.

**COUNT XXXI — PATENT INFRINGEMENT OF THE '863 PATENT BY PIONEER**

233.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

234.   Pioneer has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Pioneer products that embody the inventions claimed in the '863 patent include, but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

235.   The infringement by Pioneer of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

236.   TVI has complied with the statutory requirement of giving notice of the '863 patent to Pioneer at least by filing this lawsuit and providing Pioneer with a copy of this complaint.

**COUNT XXXII — PATENT INFRINGEMENT OF THE '532 PATENT BY PIONEER**

237.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

238.   Pioneer has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The Pioneer products that embody the inventions claimed in the '532 patent include, but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

239.     The infringement by Pioneer of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

240.     TVI has complied with the statutory requirement of giving notice of the '532 patent to Pioneer at least by filing this lawsuit and providing Pioneer with a copy of this complaint.

## COUNT XXXIII — PATENT INFRINGEMENT OF THE '307 PATENT BY SHARP

241.     Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

242.     Sharp has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent. The Sharp products that embody the inventions claimed in the '307 patent include, but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

243.     The infringement by Sharp of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

244.     TVI has complied with the statutory requirement of giving notice of the '307 patent to Sharp at least by filing this lawsuit and providing Sharp with a copy of this complaint.

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**COUNT XXXIV — PATENT INFRINGEMENT OF THE '156 PATENT BY SHARP**

245.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

246.    Sharp has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent. The Sharp products that embody the inventions claimed in the '156 patent include, but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

247.    The infringement by Sharp of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

248.    TVI has complied with the statutory requirement of giving notice of the '156 patent to Sharp at least by filing this lawsuit and providing Sharp with a copy of this complaint.

**COUNT XXXV — PATENT INFRINGEMENT OF THE '863 PATENT BY SHARP**

249.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

250.    Sharp has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent. The Sharp products that embody the inventions claimed in the '863 patent include, but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

///

251.   The infringement by Sharp of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

252.   TVI has complied with the statutory requirement of giving notice of the '863 patent to Sharp at least by filing this lawsuit and providing Sharp with a copy of this complaint.

**COUNT XXXVI — PATENT INFRINGEMENT OF THE '532 PATENT BY SHARP**

253.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

254.   Sharp has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Sharp products that embody the inventions claimed in the '532 patent include, but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

255.   The infringement by Sharp of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

256.   TVI has complied with the statutory requirement of giving notice of the '532 patent to Sharp at least by filing this lawsuit and providing Sharp with a copy of this complaint.

**COUNT XXXVII — PATENT INFRINGEMENT OF THE '307 PATENT BY FUNAI**

257.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

258.   Funai has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The Funai products

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   that embody the inventions claimed in the '307 patent include, but are not limited to, the Sylvania

2   NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players

3   and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

4   medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

5   application without rebooting.

6         259.   The infringement by Funai of the '307 patent has injured and continues to injure

7   TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

8         260.   TVI has complied with the statutory requirement of giving notice of the '307

9   patent to Funai at least by filing this lawsuit and providing Funai with a copy of this complaint.

10

11   **COUNT XXXVIII — PATENT INFRINGEMENT OF THE '156 PATENT BY FUNAI**

12         261.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

13   paragraphs of this complaint and incorporates them herein.

14         262.   Funai has infringed and continues to infringe—directly, contributorily, and/or by

15   active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

16   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

17   methods that embody or practice the inventions claimed in the '156 patent.  The Funai products

18   that embody the inventions claimed in the '156 patent include, but are not limited to, the Sylvania

19   NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players

20   and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

21   medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

22   application without rebooting.

23         263.   The infringement by Funai of the '156 patent has injured and continues to injure

24   TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

25         264.   TVI has complied with the statutory requirement of giving notice of the '156

26   patent to Funai at least by filing this lawsuit and providing Funai with a copy of this complaint.

27   / / /

28   / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**COUNT XXXIX — PATENT INFRINGEMENT OF THE '863 PATENT BY FUNAI**

265.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

266.    Funai has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent. The Funai products that embody the inventions claimed in the '863 patent include, but are not limited to, the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

267.    The infringement by Funai of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

268.    TVI has complied with the statutory requirement of giving notice of the '863 patent to Funai at least by filing this lawsuit and providing Funai with a copy of this complaint.

**COUNT XL — PATENT INFRINGEMENT OF THE '532 PATENT BY FUNAI**

269.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

270.    Funai has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The Funai products that embody the inventions claimed in the '532 patent include, but are not limited to, the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

/ / /

medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

271.    The infringement by Funai of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

272.    TVI has complied with the statutory requirement of giving notice of the '532 patent to Funai at least by filing this lawsuit and providing Funai with a copy of this complaint.

### COUNT XLI — PATENT INFRINGEMENT OF THE '307 PATENT BY DENON

273.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

274.    Denon has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The Denon products that embody the inventions claimed in the '307 patent include, but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

275.    The infringement by Denon of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

276.    TVI has complied with the statutory requirement of giving notice of the '307 patent to Denon at least by filing this lawsuit and providing Denon with a copy of this complaint.

### COUNT XLII — PATENT INFRINGEMENT OF THE '156 PATENT BY DENON

277.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

278.   Denon has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent. The Denon products that embody the inventions claimed in the '156 patent include, but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

279.   The infringement by Denon of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

280.   TVI has complied with the statutory requirement of giving notice of the '156 patent to Denon at least by filing this lawsuit and providing Denon with a copy of this complaint.

## COUNT XLIII — PATENT INFRINGEMENT OF THE '863 PATENT BY DENON

281.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

282.   Denon has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent. The Denon products that embody the inventions claimed in the '863 patent include, but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

283.   The infringement by Denon of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   284.   TVI has complied with the statutory requirement of giving notice of the '863

2   patent to Denon at least by filing this lawsuit and providing Denon with a copy of this complaint.

3

4   **COUNT XLIV — PATENT INFRINGEMENT OF THE '532 PATENT BY DENON**

5   285.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

6   paragraphs of this complaint and incorporates them herein.

7   286.   Denon has infringed and continues to infringe—directly, contributorily, and/or by

8   active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

9   selling, causing to be supplied, using, and/or causing to be used devices and/or systems and

10  methods that embody or practice the inventions claimed in the '532 patent.  The Denon products

11  that embody the inventions claimed in the '532 patent include, but are not limited to, the Denon

12  DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-ray players and DVD players

13  capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a

14  Blu-ray or DVD disc, and automatically starting a process or executing an application without

15  rebooting.

16  287.   The infringement by Denon of the '532 patent has injured and continues to injure

17  TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

18  288.   TVI has complied with the statutory requirement of giving notice of the '532

19  patent to Denon at least by filing this lawsuit and providing Denon with a copy of this complaint.

20  **WHEREFORE** Plaintiff TVI prays for the following judgment and relief:

21  a.   that each of the Defendants has infringed the '307, '156, '863, and/or '532 patents;

22  b.   that Plaintiff is entitled to temporary and permanent injunctions enjoining each of

23  the Defendants, and their agents, servants, officers, directors, employees, and persons or entities

24  acting in concert with each of the Defendants, from infringing directly or indirectly, inducing

25  others to infringe, and/or contributing to the infringement of the '307, '156, '863, and/or '532

26  patents, or, in the alternative, that each of the Defendants take a compulsory license to the '307,

27  '156, '863, and/or '532 patents;

28  / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   c.   that each of the Defendants shall account for and pay to Plaintiff the damages to

2   which it is entitled as a consequence of Defendants' infringement of the '307, '156, '863, and/or

3   '532 patents;

4   d.   that each of the Defendants shall account for and pay to Plaintiff the damages to

5   which it is entitled for Defendants' continued infringement following the period of infringement

6   established by Plaintiffs at trial;

7   e.   that Plaintiff is entitled to interests and costs;

8   f.   any other relief that the Court finds just and equitable.

9

10                     **DEMAND FOR JURY TRIAL**

11          Pursuant to Fed. R. Civ. P. 38(a), Plaintiff TVI demands a jury trial on all issues so

12   triable.

13

14   DATED:  October 6, 2009          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

15

16          By: _____
                 David Martinez
17               Ronald J. Schutz
                 Richard M. Martinez
18               Sang Young A. Brodie
                 Andrea Kloehn Naef
19

20          **ATTORNEYS FOR PLAINTIFF
            TV INTERACTIVE DATA CORPORATION**

21

22

23

24

25

26

27

28

_(left margin, vertical)_ ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81061540.1                          - 45 -        COMPLAINT; DEMAND FOR JURY TRIAL