Ronald J. Schutz, (admitted *Pro Hac Vice*), RJSchutz@rkmc.com
Richard M. Martinez, (admitted *Pro Hac Vice*), RMMartinez@rkmc.com
Sang Young A. Brodie, (admitted *Pro Hac Vice*), SYBrodie@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, MN  55402
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181

David Martinez, (CA Bar No. 193183), DMartinez@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:  (310) 229-5800

Attorneys for Plaintiff,
TV INTERACTIVE DATA CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TV INTERACTIVE DATA CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONY CORPORATION; SONY COMPUTER ENTERTAINMENT INC.; SONY COMPUTER ENTERTAINMENT AMERICA, INC.; SONY CORPORATION OF AMERICA; SONY ELECTRONICS, INC.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; ROYAL PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; VICTOR COMPANY OF JAPAN, LTD.; JVC AMERICAS CORP.; LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; ZENITH ELECTRONICS LLC; PIONEER CORPORATION; PIONEER ELECTRONICS (USA) INC.; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; FUNAI ELECTRIC CO., LTD; FUNAI CORPORATION, INC.; D&M HOLDINGS INC.; DENON ELECTRONICS (USA), LLC,<br><br>Defendants. | **CASE NO.  C 09-4755 JF**<br><br>**NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1)** |

81239539.1

NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) - C 09-4755 JF

Pursuant to Fed. R. Civ. P. 41(a)(1), Plaintiff TV Interactive Data Corporation ("TVI"), by and through its counsel, hereby voluntarily dismisses the above-captioned action against all Defendants without prejudice to cure, at this early juncture, a potential challenge to standing and jurisdiction in the case. Subsequent to filing the complaint, a potential question of ownership arose concerning one or more of the patents-in-suit. Out of an abundance of caution, and to avoid any needless litigation, TVI has subsequently and promptly taken measures to remove any doubt that TVI has — and has had — clear title of ownership to all of the patents-in-suit with rights to enforce for past, present, and future infringement and with rights to collect damages for past, present, and future infringement. Accordingly, to moot the potential standing and jurisdictional questions, TVI is voluntarily dismissing this action without prejudice under Fed. R. Civ. P. 41(a)(1) and, as described below, concurrently initiating a new lawsuit. Rule 41(a)(1) provides as follows:

> **a) Voluntary Dismissal.**
> (1) By the Plaintiff.
> (A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Here, no Defendant has been served and thus no answer or motion for summary judgment has been filed by any Defendant in this case. Additionally, no Defendant has appeared in the case and no party has invested substantial time and resources litigating the case. An amendment of the complaint in this action under Fed. R. Civ. P. 15, furthermore, may not avoid the needless litigation that TVI seeks to circumvent with this dismissal.

/ / /

81239539.1 - 1 - NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) – C 09-4755 JF

In addition, TVI will initiate a new lawsuit with this Court, once this notice of withdrawal has been filed, and move to (1) have the new lawsuit ordered "related" to this case under Civil L.R. 3-12(b), and (2) have the case assigned to this Honorable Judge so that an Initial Case Management Conference for the new lawsuit can proceed on March 5, 2010 — the date previously set for the Initial Case Management Conference in this case. *See* D.E. 18. TVI, furthermore, will immediately request that the named Defendants waive service of the summons and complaint upon successful filing of the new action and provide them with a copy of TVI's Civil L.R. 3-12(b) motion, once it has been filed.

## I. PROCEDURAL POSTURE.

On October 6, 2009, TVI filed a complaint against the Defendants alleging infringement of one or more claims of United States Patent No. 5,597,307, United States Patent No. 5,795,156, United States Patent No. 6,249,863, and United States Patent No. 6,418,532 (collectively, the "patents-in-suit") by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that, after initial boot-up, automatically detect insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically start a process or execute an application without rebooting. *See generally* D.E. 1. TVI pleaded ownership of the patents-in-suit and alleged that this Court had jurisdiction over the action. *Id.*

The patent infringement action was initially assigned to United States Magistrate Judge Maria-Elena James. D.E. 4. TVI timely declined to consent to assignment of this case to a United States Magistrate Judge for trial and disposition and requested that the case be reassigned to a United States District Judge. D.E. 9.

The case was reassigned to United States District Judge Jeremy Fogel on October 29, 2009, D.E. 11, and an Initial Case Management Conference was scheduled for January 15, 2010, D.E. 15. Then, on December 9, 2009, TVI informed this Court that:

> TVI is in ongoing settlement negotiations with numerous Defendants and, accordingly, has elected not to serve the summons and the complaint on any of the Defendants. The deadline for serving the summons and the complaint on non-foreign

81239539.1 - 2 - NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) – C 09-4755 JF

      Defendants, pursuant to Fed. R. Civ. 4(m), is February 3, 2010, which is 120 days after TVI filed its complaint in this matter. There are numerous foreign Defendants as well. Given the state of the settlement discussions, TVI had intended for the parties to take full advantage of the 120 days provided for under Rule 4(m).

D.E. 17.

      TVI further informed the Court that "it is hopeful that it will be able to conserve judicial and party resources by resolving at least some of the disputes pending in this case before the parties and the Court have to begin investing substantial resources." *Id.* Accordingly, TVI respectfully requested that the Court continue the Initial Case Management Conference to a later date. *Id.* The Court granted TVI's request on December 17, 2009, and rescheduled the Initial Case Management Conference for March 5, 2010. D.E. 18.

      A potential question concerning ownership of one or more patents-in-suit has arisen. It has come to TVI's attention that a document reflecting an assignment of U.S. Patent No. 5,957,695 to ZillionTV Corporation ("Zillion") could be misinterpreted to also include an assignment of U.S. Patent No. 6,249,863 and of U.S. Patent No. 6,418,532, which are two of the four patents-in-suit. In response to and after investigation into the matter, TVI promptly took measures to make unequivocal that it has — and has always had — clear title to all of the patents-in-suit with rights to enforce each patent for past, present, and future infringement as well as to collect all damages for past, present, and future infringement of each patent. A document restating TVI's patent rights with respect to the '863 patent and the '532 patent was executed on January 28, 2010. *See* Exhibit A. In that document, entitled "Agreement Regarding Patent Rights," Zillion states, *inter alia*:

> WHEREAS, TVI and Zillion previously entered into that certain Intellectual Property Purchase Agreement, dated on or about September 26, 2007 (the "Purchase Agreement"), pursuant to which TVI assigned to Zillion . . . United States Patent No. 5,957,695 entitled "Structure and method for displaying commercials and sending purchase orders by computer";
>
> WHEREAS, pursuant to and following the execution of the Purchase Agreement, the parties recorded a document, dated January 24, 2008, with the United States Patent and Trademark Office, for

81239539.1      - 3 -      NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) – C 09-4755 JF

the purpose of recording the assignments effected by the Purchase Agreement (the "Recorded Assignment");

WHEREAS, the parties subsequently discovered that the language of the Recorded Assignment could be misinterpreted as broader than the assignments effected by the Purchase Agreement and intended by the parties; and

WHEREAS, the parties desire to clarify their intent under the Purchase Agreement and cause to be recorded with United States Patent and Trademark Office a document that clearly and correctly reflects the assignments effected by the Purchase Agreement and intended by the Parties.

**AGREEMENT**

NOW, THEREFORE, in consideration of the mutual covenants and benefits set forth herein, as well as in the Purchase Agreement, the parties hereby agree as follows:

I. Interpretation of the Intellectual Property Purchase Agreement. Each of TVI and Zillion hereby affirm that the scope of the assignment granted in Section 1 of the Purchase Agreement included only the following two patents – (1) United States Patent No. 5,839,905 . . . and (2) United States Patent No. 5,957,695 . . . (collectively, the "Assigned Patents"). The assignment was not intended to, and did not include, the following patents – (1) United States Patent No. 6,249,863 entitled "Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media", and (2) United States Patent No. 6,418,532 entitled "Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media" – or any other patent owned by TVI or to which TVI had rights to enforce prior to or on the Effective Date of the Purchase Agreement (the "Retained Patents") . . . .  Nor did the assignment transfer from TVI to Zillion any right to enforce the Retained Patents, or any right to collect royalties under or any right to recover for past, present or future damages from infringement of the Retained Patents (including without limitation, any causes of action, such as patent infringement claims, and enforcement rights, whether currently pending, filed, or otherwise). All right, title, and interest in the Retained Patents and all rights associated therewith were retained by, and are and at all times have been owned by, TVI.

*See id* at 1-2. The remaining provisions of the Agreement Regarding Patent Rights are reflected in Exhibit A.

81239539.1 - 4 - NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) – C 09-4755 JF

## II. TVI IS WITHDRAWING ITS COMPLAINT WITHOUT PREJUDICE FOR THE PURPOSE OF MOOTING A POTENTIAL ISSUE REGARDING STANDING.

TVI's deadline for serving the complaint in this action on the non-foreign Defendants is February 3, 2010. *See* Fed. R. Civ. 4(m). TVI is prepared to comply with the timeline set by the Court and serve the complaint on the non-foreign Defendants and begin service of the complaint on the foreign Defendants. However, TVI wishes to avoid a scenario where this Court's jurisdiction over one or more of the claims for patent infringement is challenged at a much later stage in the proceeding, after substantial time and resources have been invested, under a potential argument that TVI lacked standing when it originally filed the complaint to bring this lawsuit on one or more patents.

It is well settled that questions of standing can be raised at any time. *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841 (Fed. Cir. 2009); *Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003) (noting that, "[a]ny party, and even the court *sua sponte*, can raise the issue of standing for the first time at any stage of the litigation . . . .") (citation omitted). "As a general matter, parties should possess rights before seeking to have them vindicated in court." *Enzo APA & Son v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). In a patent infringement suit, determination of standing is measured at the time a plaintiff files the complaint. *IPVenture, Inc. v. Prostar Computer, Inc.* 503 F.3d 1324, 1326 (Fed. Cir. 2007) ("The question is whether [plaintiff] had an ownership interest in the [patent-in-suit] when the suit was filed . . . ."); *see also Sicom Sys. v. Agilent Techs.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). And a party who lacks necessary enforcement rights at the time of filing does not have standing to bring the lawsuit, and the court must dismiss the action without prejudice. *Univ. of Pittsburgh v. Varian Med. Sys.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009) (noting that, "[d]ismissal for lack of standing is necessarily without prejudice because the court lacked subject matter jurisdiction and thus could not reach the merits of the claim.") (citation omitted).

/ / /

/ / /

81239539.1 - 5 - NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) – C 09-4755 JF

A court, furthermore, may not look to a point in time later than the filing of the original complaint to determine standing. *See Paradise Creations, Inc. v. U V Sales, Inc.*, 315 F.3d 1304, 1310 (Fed. Cir. 2003) (stating that a defect in standing resulting from a lack of patent rights at the time of filing suit cannot be cured after the inception of the suit.).

It follows that, in this case, TVI's standing must be determined on October 6, 2009 — the date of filing of the original complaint. Thus, because TVI has taken measures after the initiation of this action to clarify its rights in and to one or more of the patents-in-suit, TVI, as a preventative measure and out of an abundance of caution, is voluntarily dismissing this action without prejudice and filing a new complaint for patent infringement against the Defendants to avoid any challenges that may relate to standing and this Court's jurisdiction and to avoid a waste of judicial resources through needless motion practice relating to standing.

### III. TVI WILL FILE A NEW COMPLAINT FOR PATENT INFRINGEMENT AGAINST THE DEFENDANTS AND MOVE TO HAVE THE NEW CASE ASSIGNED TO JUDGE FOGEL AS A RELATED CASE UNDER CIVIL L.R. 3-12.

TVI stands prepared to proceed with its lawsuit and operate in accordance with the timeline established by this Court and the applicable federal and local rules. Indeed, TVI wishes to move forward with an Initial Case Management Conference on March 5, 2010, albeit for a "new" (or substituted) lawsuit.

Therefore, to keep the new case moving on the same schedule that this case was following, TVI will promptly request of all Defendants that they waive service of the summons and complaint (which will assert the same group of patents against the same accused instrumentality), upon receipt of confirmation that the new complaint has been successfully filed

/ / /

/ / /

81239539.1 - 6 - NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) – C 09-4755 JF

with this Court.  TVI will, moreover, file a motion with the Court to have the new action be declared a "related case" under Civil L.R. 3-12(a) and thereby have the new lawsuit be assigned to the Honorable Jeremy Fogel, who is the United States District Judge responsible for this action.

DATED:  February 2, 2010

Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   /S/ David Martinez
Ronald J. Schutz (admitted *Pro Hac Vice*)
Richard M. Martinez (admitted *Pro Hac Vice*)
Sang Young A. Brodie (admitted *Pro Hac Vice*)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue, 2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181

David Martinez (CA Bar No. 193183)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:  (310) 229-5800

**ATTORNEYS FOR PLAINTIFF**
**TV INTERACTIVE DATA CORPORATION**

# EXHIBIT A

## AGREEMENT REGARDING PATENT RIGHTS

This Agreement Regarding Patent Rights (the "Agreement") is effective as of January 28, 2010, by and between TV Interactive Data Corporation (d/b/a TV Interactive Corp.), a California corporation having its principal place of business at 19870 Mendelsohn Lane, Saratoga, California 95070 ("TVI") and Zillion TV Corporation (f/k/a Xillion TV Corporation), a Delaware corporation having its principal place of business at 2350 Mission College Boulevard, Suite 925, Santa Clara, California 95054 ("Zillion").

## RECITALS

WHEREAS, TVI and Zillion previously entered into that certain Intellectual Property Purchase Agreement, dated on or about September 26, 2007 (the "Purchase Agreement"), pursuant to which TVI assigned to Zillion the patents identified in Exhibit A to the Purchase Agreement, which are: (1) United States Patent No. 5,839,905 entitled "Remote control for indicating specific information to be displayed by a host device"; and (2) United States Patent No. 5,957,695 entitled "Structure and method for displaying commercials and sending purchase orders by computer";

WHEREAS, pursuant to and following the execution of the Purchase Agreement, the parties recorded a document, dated January 24, 2008, with the United States Patent and Trademark Office, for the purpose of recording the assignments effected by the Purchase Agreement (the "Recorded Assignment");

WHEREAS, the parties subsequently discovered that the language of the Recorded Assignment could be misinterpreted as broader than the assignments effected by the Purchase Agreement and intended by the parties; and

WHEREAS, the parties desire to clarify their intent under the Purchase Agreement and cause to be recorded with United States Patent and Trademark Office a document that clearly and correctly reflects the assignments effected by the Purchase Agreement and intended by the Parties.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and benefits set forth herein, as well as in the Purchase Agreement, the parties hereby agree as follows:

1. <u>Interpretation of the Intellectual Property Purchase Agreement</u>. Each of TVI and Zillion hereby affirm that the scope of the assignment granted in Section 1 of the Purchase Agreement included only the following two patents — (1) United States Patent No. 5,839,905 entitled "Remote control for indicating specific information to be displayed by a host device", and (2) United States Patent No. 5,957,695 entitled "Structure and method for displaying commercials and sending purchase orders by computer" — as well as the future right to file all corrections, reissues, reexaminations, divisions, substitutions, continuations, continuations-in-part, and foreign counterparts thereof (collectively, the "Assigned Patents"). The assignment was not

Page 1 of 3

intended to, and did not include, the following patents — (1) United States Patent No. 6,249,863 entitled "Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media", and (2) United States Patent No. 6,418,532 entitled "Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media" — or any other patent owned by TVI or to which TVI had rights to enforce prior to or on the Effective Date of the Purchase Agreement (the "Retained Patents"). For purposes of this Agreement, the term "Retained Patents" will also include any corrections, reissues, reexaminations, divisions, substitutions, continuations, continuations-in-part, and foreign counterparts of any of the Retained Patents; however, excluded from the definition and scope of "Retained Patents" are the Assigned Patents. Nor did the assignment transfer from TVI to Zillion any right to enforce the Retained Patents, or any right to collect royalties under or any right to recover for past, present or future damages from infringement of the Retained Patents (including without limitation, any causes of action, such as patent infringement claims, and enforcement rights, whether currently pending, filed, or otherwise). All right, title, and interest in the Retained Patents and all rights associated therewith were retained by, and are and at all times have been owned by, TVI.

2. *Assignment Nunc Pro Tunc*. Without limiting Section 1 above, if and to the extent any right, title or interest in or to the Retained Patents was assigned or transferred to Zillion, Zillion hereby assigns to TVI, *nunc pro tunc* and effective as of the date of the Purchase Agreement (or, if applicable, any later date upon which Zillion acquired any right, title or interest in or to the Retained Patents), all right, title and interest in and to the Retained Patents, and all rights to enforce the Retained Patents, to collect royalties under and the right to recover for past, present or future damages from infringement of the Retained Patents prior to, at, or after the date of the Purchase Agreement (including without limitation, all causes of action, such as all patent infringement claims, and enforcement rights, whether currently pending, filed, or otherwise). Zillion hereby affirms that it does not have, and at no time prior to the date hereof did it have, any right to assert or enforce the Retained Patents against any other party.

3. Covenant-Not-To-Sue. TVI hereby agrees and covenants not to sue Zillion for infringement of Retained Patents.

4. Recording. TVI and Zillion hereby direct counsel for TVI to file for recordation with the United States Patent and Trademark Office a true and correct copy of this Agreement promptly following the date of this Agreement.

5. Interpretation.

    (a) In the event of any actual or perceived conflict or inconsistency between the terms of this Agreement and the terms of the Purchase Agreement or the Recorded Assignment, the terms of this Agreement will govern.

    (b) It is the understanding and intent of the parties that all right, title and interest in and to the Retained Patents, and all rights to collect royalties under and the right to recover for past, present or future damages from infringement of the Retained Patents prior to, at, or after the date of the Purchase Agreement (including without limitation, all causes of action, such as all

patent infringement claims, and enforcement rights, whether currently pending, filed, or otherwise) are, and at all times have been, owned by TVI. In the event any provision of this Agreement is unenforceable in whole or in part, the validity of the remaining provisions of the Agreement will not be affected thereby, and the parties desire that any court or arbitrator interpret this Agreement in a manner to give effect to the maximum extent permitted by applicable law to the foregoing intent of the parties.

(c)     Nothing in this Agreement will eliminate, modify, or constitute a waiver (in whole or in part) of the provisions of Section 5.3 (Confidentiality) of the Purchase Agreement.

6.     Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the United States or the State of California, as applicable, and any action to enforce or interpret this Agreement shall be brought exclusively in any state or federal court located in Santa Clara County, California.

7.     Further Assurances. Each party shall, at the reasonable request of the other party, execute and deliver such other instruments and do and perform such other acts and things as may be necessary of desirable for effecting completely the consummation of the transactions contemplated hereby, including without limitation execution, acknowledgment and recordation of such other papers as may be necessary or desirable to effectuate the intent of the parties as set forth in this Agreement.

IN WITNESS THEREOF, the parties have executed this Agreement effective as of the date first above written.

| TV Interactive Data Corporation | Zillion TV Corporation |
|---|---|
| By: _____ | By: _____ |
| Peter Redford, President, CEO | Jack Lawrence, President, CEO |

# PROOF OF SERVICE

STATE OF MINNESOTA       )
                         ) ss.
COUNTY OF HENNEPIN       )

I am employed in the County of Hennepin, State of Minnesota. I am over the age of 18 and not a party to the within action; my business address is 800 LaSalle Avenue 2800 LaSalle Plaza, Minneapolis Minnesota 55402.

On February 2, 2010 I served the foregoing document described as **NOTICE OF DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1)** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached Service List**

[] **BY MAIL:** I caused such envelope to be deposited in the mail at Minneapolis, Minnesota. The envelope was mailed with postage thereon fully prepaid.
I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **BY FEDERAL EXPRESS - OVERNIGHT:** I caused such envelope to be deposited in a box or other facility regularly maintained by Federal Express in an envelope or package designated by Federal Express with delivery fees paid.

[] **BY FACSIMILE:** I served a true copy of the document(s) described on all parties to this action by facsimile transmission, and the transmission was reported as complete and without error. Facsimile transmissions were sent and addressed as stated above.

[] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressees.

[X] **BY E-MAIL:** I served a true copy of the document(s) on all parties to this action via e-mail transmission. E-mail transmissions were sent and addressed as stated above.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on February 2, 2010 at Minneapolis, Minnesota.

*Michele M. Tacheny*
Michele M. Tacheny

81152554.1

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## SERVICE LIST

<u>TV Interactive Data Corporation v. Sony, et al.</u>
U.S.D.C. Northern District of California Case No. 5:09-cv-04755-JF

Tetsuya Iino
General Manager, IP Dept.
D&M Holdings Inc.
2-1 Nisshin-cho
Kawasaki-ku
Kawasaki-shi
Kanagawa 201-8569, Japan
E-mail: iino_tetsuya@dm-holdings.com
*D&M Holdings Inc.*

Goro Seki
Manager, IP Dept.
Funai Electric Co., Ltd.
7-1, 7-chome, Nakagaito, Daito-shi
Osaka 574-0013, Japan
E-mail: sekig@funai.co.jp
*Funai Electric Co., Ltd.*
*Funai Corporation, Inc.*

Yuichiro Takayanagi
McDermott Will & Emery
18191 Von Karman/Suite 500
Irvine, CA 92612
E-mail: dfoster@mwe.com
*Panasonic Corporation*
*Panasonic Corporation of North America*

Michael L. Traino
VP – Licensing & IP Property
Pioneer Electronics (USA) Inc.
2265 East 220th St.
Long Beach, CA 90810
E-mail:   Michael.L.Traino@pioneer-usa.com
*Pioneer Corporation*
*Pioneer Electronics (USA) Inc.*

David Meisels
Vice President
D&M Holdings US Inc.
100 Corporate Drive
Mahwah, NJ 07430
E-mail: dmeisels@dm-holdings-na.com
*D&M Holdings US Inc.*
*Denon Electronics (USA), LLC*

Steve Lieberman
Rothwell, Figg, Ernst & Manbeck
1425 K Street/Suite 800
Washington, DC 20005
E-mail: slieberman@rothwellfigg.com
*LG Electronics, Inc.*
*LG Electronics U.S.A., Inc.*
*Zenith Electronics LLC*

Kevin Simons
Senior IP Counsel
Philips
370 W. Trimble Rd.
MS 91/MG
San Jose CA 95131
E-mail: Kevin.Simons@philips.com
*Royal Philips Electronics N.V.*
*Philips Electronics North American Corporation*

Tae-Yeoun Yoon
Manager – Licensing Group
Samsung Electronics Co., Ltd.
416, Maetan-3Dong, Yeongtong-Gu
Suwon City, Gyeonggi-Do,
Korea 443-742
E-mail: yoon_taeyeoun@samsung.com
*Samsung Electronics Co., Ltd.*
*Samsung Electronics America, Inc.*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| Kaoru Furusawa<br>Dept. General Manager<br>Licensing Dept. I<br>Sharp Corporation<br>22-22, Nagaike-cho, Abeno-ku<br>Osaka 545-8522, Japan<br>E-mail: furusawa.kaoru@sharp.co.jp<br>*Sharp Corporation*<br>*Sharp Electronics Corporation* | Gregory S. Gewirtz<br>Lerner David Littenberg Krimholz &<br>Mentlik<br>600 South Ave. West<br>Westfield, NJ 07090<br>E-mail: ggewirtz@ldlkm.com<br>*Sony Corporation*<br>*Sony Computer Entertainment Inc.*<br>*Sony Computer Entertainment America, Inc.*<br>*Sony Corporation of America*<br>*Sony Electronics, Inc.* |
| Ronald L. Yin<br>DLA Piper LLP<br>2000 University Ave.<br>East Palo Alto, CA 94303<br>E-mail: Ronald.yin@dlapiper.com<br>*Toshiba Corporation*<br>*Toshiba America, Inc.*<br>*Toshiba America Consumer Products, L.L.C.* | Steven J. Routh<br>Orrick, Herrington & Sutcliffe LLP<br>Columbia Center<br>1152 15th St., NW<br>Washington, DC 20005<br>E-mail: srouth@orrick.com<br>*Victor Company of Japan, Ltd.*<br>*JVC Americas Corp.* |

ROBINS, KAPLAN,
MILLER & CIRESI
L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81152554.1

- 3 -

PROOF OF SERVICE